*421 OPINION OF THE COURT
Patrick D. Monserrate, J.
This is an application on behalf of the defendant for an order of this court, pursuant to CPL 440.20 (1), setting aside the sentence of imprisonment previously imposed on the defendant on the ground that such sentence has been rendered invalid as a matter of law.
The People oppose the application.
facts
The operative facts of the case are best viewed chronologically:
1986 March 3 Defendant convicted after a jury trial for the unclassified misdemeanor crime of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2]). Sentencing was adjourned.
31 Defendant sentenced by the undersigned to a definite term of imprisonment for one year in the Tioga County Jail, his operator’s license revoked, and defendant remanded.
April 1 Notice of appeal from judgment of conviction to Supreme Court, Appellate Division, Third Department, filed.
Application made on behalf of the defendant to a Supreme Court Justice (Smyk, J.) for the issuance of an order suspending execution of the sentence of imprisonment "pending the determination of his appeal” (CPL 460.50).
Defendant ordered released from jail on $5,000 bail pending determination of stay application.
8 Order issued suspending execution of sentence of imprisonment and continuing defendant on bail.
August 6 With defendant’s appeal having been neither "brought to argument in or submitted to the Appellate Division, the operation of the order suspending the execution of his *422 jail sentence terminated (at the latest)[1] by operation of law, and he was required to surrender himself to the criminal court * * * in order that the execution of the judgment be * * * resumed” (CPL 460.50 [4]).
September 8 Defendant (after apparent prior application and acceptance on unspecified dates) entered a New York State Department of Motor Vehicles (DMV) Drinking Driver Program (DDP).
October 20 Defendant "successfully completed” the DDP program as evidenced by a DMV certificate (MV-2026) to that effect, a copy thereof being attached to the defendant’s motion papers.
November 13 The present motion was filed.
THE DEFENDANT’S CLAIM
From these uncontroverted facts, the defendant contends that the laws of this State require this court, in effect, to rescind the one-year prison sentence previously imposed — of which the defendant has served barely one day.
As authority for this proposition, counsel for the defendant directs the court’s attention to Vehicle and Traffic Law § 521 (1) (c), which provides in pertinent part: "Notwithstanding any contrary provisions of this chapter, satisfactory participation in and completion of a course in such [DDP] program shall be deemed a proper alternative sentence to an alcohol or drug-related traffic offense and shall be considered complete satisfaction of any imprisonment that may have been imposed by reason of a conviction [for an alcohol related traffic offense]”.
ANALYSIS AND DETERMINATION[2]
The court is first inclined to question defense counsel’s choice of remedy. By electing to proceed under CPL 440.20 (1) the focus of inquiry is on the sentence imposed by the court viewed under the circumstances as they existed on March 31, *423 1986[3] — whether or not made part of the record of the proceedings. In such an application, it is incumbent upon a defendant to demonstrate facts tending to establish that the sentence was flawed, when imposed, in one of three aspects: "that it was unauthorized, illegally imposed or otherwise invalid as a matter of law”. No such facts are even alleged.
The authorization of the defendant’s sentence is found in Vehicle and Traffic Law § 1192 (5) which provides a discretionary sentence of imprisonment in a county jail "for not more than one year”. The defendant received the maximum sentence, but it was an authorized maximum sentence.[4]
Having thus determined that the remedy brought is inappropriate for the purpose sought, or even if appropriate no facts have been alleged as would bring the case within the purview of the remedy, the matter could be concluded on procedural grounds. However, the background for this application would seem to require that something more substantive be done.
First, it would seem reasonable to observe that the provisions of the Vehicle and Traffic Law through which the defendant seeks to avoid serving his jail sentence may well be said to have no rational application to the defendant’s case, for either of two reasons: one grounded in the Vehicle and Traffic Law and the other in the Criminal Procedure Law.
The mechanics outlined in section 521 (1) (c) contemplate a sequence whereby a sentencing court exercises its discretion in favor of giving to — or withholding from — an offender the choice of attending a DDP "school” as a means to avoid harsher aspects of a proposed sentence (jail and/or fine) and (as provided for in subd [1] [d]) to obtain an earlier return of his revoked or suspended operator’s license. And the law also says: "[Provided, however, the judge imposing sentence may, *424 in his discretion, prohibit the defendant from enrolling in such program” (Vehicle and Traffic Law § 521 [1] [c]).
As the Assistant District Attorney aptly points out in her affidavit in opposition to the instant motion, the sentencing minutes clearly and accurately reflect the mood of the moment. There was not the slightest indication that the court proposed anything for the defendant other than to go to jail by the shortest route and for the longest time which the law allowed, with little "choice” as to either. No one reading the minutes of that proceeding could reach any other reasonable conclusion than that the court was "prohibiting” the defendant from any and all pursuits, save that of serving time as a jail inmate.[5]
An even more cogent reason why the defendant’s DDP participation should be ignored vis-á-vis the serving of his jail term is that he was arguably unlawfully at liberty during the period of time when he participated in it. He should have been in jail.
The defendant successfully invoked the benefits of CPL 460.50 as a device to gain his freedom for some months while his appellate remedy was being pursued.[6] Having done so, he was subject to the burdens of the same law. "[I]f within one hundred twenty days after the issuance of such an order the appeal has not been brought to argument in or submitted to the intermediate appellate court, the operation of such order terminates and the defendant must surrender himself to the criminal court in which the judgment was entered in order that execution of the judgment be commenced or resumed” (CPL 460.50 [4]; emphasis supplied).
As the court is informed from the affidavit in opposition filed herein (under date of Jan. 9th), the defendant’s *425 appeal remains unperfected, and his stay unextended.[7] Therefore, since early August the defendant has been in violation of his continuing duty to surrender himself to the court to resume the service of his sentence. For this court, or any other, to rule that he should be rewarded for such failure because he used part of that time to get himself in and through a DDP program (intending thereby to totally frustrate the court’s sentence and thus permitting the defendant, at his option, to resentence himself to "no jail”) would be to elevate basic contempt to the level of puerile gamesmanship.[8]
CONCLUSION
Two things should be done:
The first is that the defendant’s motion to set aside his sentence of imprisonment should be denied for his failure to have alleged any facts as would require or permit the court to grant such extraordinary relief (CPL 440.30 [4] [a]).
The last is that the defendant should surrender himself to the Tioga County Court on Monday, January 26, 1987, at 9:15 a.m. so that a commitment may issue remanding him to the custody of the Sheriff of that county for the resumption and completion of the sentence of imprisonment imposed by this court on March 31, 1986 (CPL 460.50 [4]).

. The Assistant District Attorney argues for a July 30th termination date (i.e., 120 days from April 1st).

. Although the quoted statute has been part of the law of this State since 1975 (L 1975, ch 291, eff June 24, 1975), neither counsel has cited any case law interpreting its applicability to circumstances such as those here present; nor has the court’s independent research found any precedents.

. Contrasted, for example, with a motion to vacate a judgment of conviction based on evidence discovered only after entry of judgment (CPL 440.10 [1] [g]).

. Under the facts of the case, a better argument could be made for its inadequacy. After several hours of drinking at a summer outing, the defendant drove his car at excessive speed until it left the roadway on a curve and struck a tree with such force that the vehicle was demolished and a female passenger was injured so seriously as to have permanently lost any reasonable expectation for a normal life. As the court said to the defendant at sentencing: "I feel an abiding certainty that you deserve the sentence that I am about to impose. However, I am not at all sure that you are receiving the sentence that you deserve”.

. Undoubtedly the DMV employee(s) who approved of the defendant’s participation in the fateful DDP program had no such onerous burden as to read the sentencing minutes or to have any other contact with the Judge in the case; their bureaucratic "regs” say as much. While the Legislature found it sufficient to empower the sentencing Judge "to prohibit” in any way the court saw fit (as, perhaps, by levying a substantial jail sentence with no "if s”, "and’s”, or "but’s”), the Commissioner of Motor Vehicles has decreed that the talismanic "I prohibit” must be "prominently placed on the certificate of conviction or on an accompanying letter on court stationery.” (15 NYCRR 134.3 [a].) Once more a triumph of form over substance, of regulation over reason.

. It would be gratifying if some day our law might progress to the point where the Judges who let convicted offenders out of jail would be required first to have some minimal contract and exchange of information with the Judges who put them in.

. And left unexplained is why the District Attorney has not applied to the court in the interim for an order/warrant requiring the defendant to resume the service of his sentence.

. No contrary result is required by the presumptuously overriding phrasing in Vehicle and Traffic Law § 521 (1) (c) to the effect that its provisions are applicable "[notwithstanding any contrary provisions of this chapter” since by its terms it is limited to other sections of the Vehicle and Traffic Law, and no other law. Similar phrasing has received like interpretation on the question of whether conviction for non-Penal Law felonies render a person subject to being sentenced as a second felony offender under Penal Law § 70.06 (1) (a) ("[a] second felony offender is a person * * * who stands convicted of a felony defined in this chapter”). The answer is "no” (see, People v Tyler, 46 AD2d 997 [4th Dept 1974]).