■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARNES, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered March 6, 1989, convicting defendant after a jury trial of arson in the second degree, assault in the third degree, and criminal mischief in the fourth degree, and sentencing him as a second felony offender to concurrent terms of 11 to 22 years, 1 year and 1 year, imprisonment, respectively, unanimously affirmed.

Defendant, and two accomplices who testified for the People at trial, attempted to collect drug money from three women who sold crack on behalf of defendant. When unsuccessful in the collection of the receipts, defendant beat each of the three women, and ransacked their respective rooms. In the third room, after having threatening to do so, he set fire to the bed, which then spread.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. We find no basis to disturb the jury's findings of credibility with respect to each of the People's witnesses *(supra).* Nor was the evidence of defendant's drug dealing activities introduced solely to establish defendant's criminal propensity *(see, People v Alvino,* 71 NY2d 233); rather, this evidence was relevant to defendant's motive *(People v Mees,* 47 NY2d 997, 998; *People v Mollineux,* 168 NY 264). The potential for undue prejudice did not outweigh its probative value *(People v Hardwick,* 140 AD2d 624, *lv denied* 72 NY2d 957) and it also provided narrative information which explained defendant's conduct. We presume that the jury followed the court's limiting instructions. *(See generally, People v Davis,* 58 NY2d 1102.)

Defendant's remaining contentions are unpreserved for review as a matter of law. Were we to review them in the interest of justice we would find them to be without merit.

We find no basis to disturb the sentence imposed *(People v Farrar,* 52 NY2d 302, 305-306). Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.