■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO A. HUBERT, Also Known as KING, Appellant. [656 NYS2d 493] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 8, 1995, upon a verdict convicting defendant of the crime of assault in the second degree.

In March 1995, defendant was indicted on one count of assault in the second degree (*see*, Penal Law § 120.05 [2]) arising out of an incident in the City of Binghamton, Broome County, on April 2, 1994 when Charles Matson was shot in the arm following a verbal altercation with defendant. At trial, Matson testified that he had known defendant since 1993 and formerly sold drugs for him. He further testified that on the date of the incident defendant confronted him, wanting to know why Matson was bringing people to defendant's "drug spot".* According to Matson, he thought defendant was going to hit him and, when he attempted to flee, he felt a "burn" in his right forearm. Matson stated that he covered his wound with his hand and ran because he saw the "flame" coming out of defendant's gun. Matson fled to a neighbor's house where an ambulance was called due to Matson's copious bleeding from the gunshot wound. Following a jury trial, defendant was found guilty and this appeal followed.

We affirm. Initially, we find that defendant's conviction of assault in the second degree was supported by legally sufficient evidence. It is well settled that in order to prove the legal sufficiency of a jury verdict, it must be determined "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Further, in order for defendant to be found guilty of assault in the second degree, the proof must show that "[w]ith intent to cause physical injury to another person, he causes such injury to such

---

* According to Matson, a "drug spot" is a location where one sells drugs or a house that one rents for the purpose of selling drugs.

person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]).

Here, the proof, viewed in the light most favorable to the People (*see, People v Thompson,* 72 NY2d 410, 413), is legally sufficient to establish that defendant intended to, and did in fact, cause physical injury to Matson by shooting him. Notably, along with Matson's testimony, the People produced as a witness Christopher Bateman, a friend of both Matson and defendant, who testified that defendant admitted shooting Matson over money and because Matson was selling drugs out of defendant's neighborhood. With respect to the specific issue of evidence relating to physical injury, Safa Naman, the physician who initially treated Matson after he was shot, indicated that Matson suffered from a gunshot wound to his arm. He testified that there existed both an entrance and an exit wound and the X rays revealed a bullet fragment in the arm. Photographs of Matson's wounds were admitted into evidence. In our view, this evidence, along with, *inter alia,* the testimony of Matson himself, was sufficient to allow the jury to make the determination that Matson did in fact sustain a "physical injury", which is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see, People v Greene,* 70 NY2d 860, 863; *People v Cancer,* 232 AD2d 875, 876).

Next, upon viewing the evidence in a neutral light while giving due deference to the jury's assessment of credibility (*see, People v Rose,* 215 AD2d 875, 877, *lv denied* 86 NY2d 801), we conclude that the verdict is not against the weight of the evidence. Although Matson and Bateman were admitted drug dealers, who were serving sentences at the time of defendant's trial, we cannot agree that these factors alone rendered their testimony incredible as a matter of law (*see, People v Batista,* 235 AD2d 631, 632). The jury heard both witnesses admit their past misconduct and were given a full opportunity to assess their testimony and credibility (*see, id.,* at 632).

Defendant also challenges County Court's jury charge. However, having failed to object or take exception to these instructions, defendant's arguments in this regard are unpreserved (*see, People v Ross,* 209 AD2d 730, *lv denied* 84 NY2d 1038). In any event, were we to review defendant's claims in the interest of justice, we would find them to be without merit.

Finally, we reject defendant's argument that County Court improperly allowed evidence of defendant's uncharged crimes. Although the People were permitted to introduce evidence of defendant's drug-selling activities and the fact that Matson at one time sold drugs for defendant, the People correctly

maintain that this proof was proper to establish motive. Matson's testimony that defendant questioned him about the drug spot reveals defendant's motivation for shooting Matson, i.e., that Matson was invading defendant's "turf". Thus, this evidence was introduced for reasons other than showing defendant's criminal propensity (*see, e.g., People v Barnes*, 180 AD2d 605, *lv denied* 79 NY2d 1046). Further, the past relationship between defendant and Matson as well as their interaction on the day of the crime are "so inextricably interwoven with the crime charged in the indictment [that] it may be received in evidence" (*People v Vails*, 43 NY2d 364, 368). This evidence provided narrative information explaining defendant's conduct; thus, the potential for unfair prejudice did not outweigh its probative value (*see, People v Barnes, supra*, at 605).

Mercure, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.