■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QASSIM K. AL-SHIMARI, Appellant. [698 NYS2d 338] —Graffeo, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 18, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree, aggravated criminal contempt and harassment in the second degree.

After an incident in December 1997 during which defendant struck his girlfriend in the face, an order of protection was issued in Broome County. Nevertheless, these two individuals continued their relationship and on January 24, 1998 they were together in an automobile, having left a bar. Despite contrary accounts of the parties' actions during an argument that erupted while they were traveling in the car, it was undisputed that defendant's companion sustained a broken jaw shortly after exiting the vehicle. Approximately two weeks later, defendant allegedly took money from his girlfriend's stepbrother at knifepoint.

As a result of these two incidents, defendant was charged with robbery in the first degree, assault in the second degree, aggravated criminal contempt, criminal possession of a weapon in the fourth degree and harassment in the second degree. At the conclusion of a jury trial, defendant was found guilty of the

assault, aggravated criminal contempt and harassment charges. He was sentenced to concurrent terms of imprisonment of 3 to 6 years with respect to the assault and aggravated criminal contempt convictions and 15 days in jail on the harassment charge. Defendant was acquitted of the robbery and weapon charges involving his girlfriend's stepbrother.

Defendant now appeals contending that his assault and aggravated criminal contempt convictions were against the weight of the evidence. The jury was presented with two conflicting versions of the events. Although defendant acknowledged the existence of the order of protection and his presence at the scene when his girlfriend was injured, he insisted that she was intoxicated and her injuries were the result of a fall on the sidewalk as she jumped out of his automobile. In contrast, the woman indicated that when she resisted defendant's demand for money, he began to beat her in the automobile. To escape the confrontation, she exited the car as it slowed, but defendant pursued and caught her, striking her repeatedly in the face.

Contrary to defendant's assertion, the victim's testimony was not rendered incredible as a matter of law based on her questionable social behavior involving drug and alcohol abuse (*see, People v Batista*, 235 AD2d 631, 631-632, *lv denied* 89 NY2d 1088; *see also, People v Hubert*, 238 AD2d 745, 746, *lvs denied* 90 NY2d 859, 860), especially since defendant's credibility was also challenged on similar grounds. Defendant's exculpatory account merely raised credibility issues which the jury, as the trier of fact, resolved in favor of the girlfriend (*see, People v Kilburn*, 184 AD2d 914, 915-916, *lvs denied* 80 NY2d 975, 81 NY2d 763). Reviewing the evidence in a neutral light, and according deference to the jury's assessment of the facts of the occurrence and credibility of the witnesses (*see, People v Hubert, supra*, at 746), we conclude that the jury was clearly entitled to credit the woman's testimony and reject defendant's version (*see, People v Lockerby*, 178 AD2d 805, 807, *lv denied* 80 NY2d 834). Based on the foregoing, the jury's determination was not against the weight of the evidence.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.