■ The People of the State of New York, Respondent, v Emery D. Shannon, Also Known as Anthony Thompson, Also

Known as DEON SHANNON, Appellant. [708 NYS2d 199] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 13, 1998, upon a verdict convicting defendant of the crime of assault in the second degree.

Indicted on attempted assault in the first degree and assault in the second degree as a result of allegations that he attacked Michael Vandenberg outside a gas station on the evening of August 30, 1997, defendant was found guilty of the latter count following a jury trial. Sentenced as a second felony offender to a seven-year prison term, defendant appeals. Finding none of defendant's arguments in support of reversal persuasive, we affirm.

First, we reject defendant's claim that the verdict is against the weight of the evidence. At trial, Vandenberg testified that on the evening of August 30, 1997, after a brief encounter with defendant inside the gas station mini-mart during which the latter unsuccessfully demanded payment for previously supplied drugs, defendant approached him outside the store wielding a box cutter in his hand. Defendant again inquired about the money Vandenberg owed him. Vandenberg attempted to run away but slipped in the parking lot, at which point defendant slashed his head and back with the box cutter. Defendant also kicked Vandenberg in the mouth. During the entire attack, defendant repeatedly asked about the whereabouts of his money.

Vandenberg's testimony was corroborated in significant respects by a friend who witnessed the attack. Although Vandenberg and his friend at times testified in contradiction of previous testimony and each other, these alleged inconsistencies were explored in detail during cross-examination and during defense counsel's summation, as was each witness's prior criminal history. Notwithstanding, the jury obviously believed their testimony, making credibility determinations which are solely within their province (*see*, *People v Hubert*, 238 AD2d 745, 746, *lvs denied* 90 NY2d 859, 860). Upon the exercise of our own factual review power, we have no reason to disagree with this determination and are satisfied that the verdict is not against the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490, 495).

With respect to defendant's specific claim that the People failed to prove that Vandenberg suffered a physical injury sufficient to support the assault in the second degree conviction, Vandenberg testified that he chipped two teeth as a result of being kicked in the mouth, sprained his ankle as a result of

slipping in the parking lot and received sutures at the emergency room for the lacerations inflicted by the box cutter. Notably, the clerk in the store and the police officer who investigated the incident confirmed Vandenberg's injuries in some respects, i.e., each observed Vandenberg bleeding from the back of his head. The officer specifically observed Vandenberg's head wound, which he described as being two to three inches long and deep, and further observed the lacerations on his back, abrasions on his mouth and cracked teeth. Under these circumstances, the jury could reasonably conclude that Vandenberg suffered an injury sufficient to sustain the assault conviction (*see*, Penal Law § 10.00 [9]; § 120.05 [2]; *see also*, *People v Brown*, 243 AD2d 749).

Finally, we reject the argument that County Court improperly allowed Vandenberg to testify that the attack was precipitated by his failure to pay defendant $400 he owed him for drugs. Provided that its probative value outweighs the risk of undue prejudice to the defendant, a trial court may admit into evidence uncharged crimes when such evidence is relevant to a pertinent issue in the case other than defendant's criminal propensity to commit the crime charged (*see*, *People v Till*, 87 NY2d 835, 836). These unpaid drug transactions were not only inextricably interwoven with Vandenberg's recitation of events leading up to and during the attack—defendant had demanded the money minutes before and during the assault—but were particularly relevant to defendant's motive for the attack (*see*, *People v Vann*, 245 AD2d 818, 820, *lv denied* 91 NY2d 945, *appeal dismissed* 91 NY2d 978; *People v Hubert*, *supra*, at 746-747; *see also*, *People v Mena*, 269 AD2d 147). Because the testimony provided narrative information explaining defendant's conduct, its potential for unfair prejudice did not outweigh its probative value, particularly in light of the appropriate limiting instructions given to the jury by County Court, and it was properly permitted (*see*, *People v Murphy*, 235 AD2d 933, *lv denied* 90 NY2d 896; *People v Barnes*, 180 AD2d 605, *lv denied* 79 NY2d 1046).

Defendant's remaining contention has been reviewed and rejected as unpersuasive.

Cardona, P. J., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.