Mercure, J.
Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered July 8, 2002, upon a verdict convicting defendant of the crimes of aggravated criminal contempt and assault in the second degree.
Following a period of marital difficulties with defendant, the victim obtained orders of protection against him. In February 2002 and while the orders of protection remained in effect, the victim drove to her second home in Delaware County. Suspicious that defendant may have broken into the residence, the victim requested an escort from the Delaware County Sheriffs Department, but was refused. Nevertheless, the victim proceeded to her residence, where she found defendant. Over the course of the next hour and a half, a violent interaction ensued.
The victim testified that defendant dragged her into the house, beat her with his fists, banged her head against the floor and hit her in the head with a metal tool, causing her to lose consciousness. Defendant testified that the victim arrived at the house, cursed at him, pushed him into a wall and repeatedly hit him. He admitted hitting the victim in the face and stated that after a cooling-off period, the victim threw a space heater at him. He then threw the heater back at the victim, hitting her in the head. The victim ultimately went to the hospital where she received treatment for her injuries.
Thereafter, defendant was arrested and charged in an indictment with the crimes of aggravated criminal contempt, assault in the second degree and unlawful imprisonment in the first degree. Following a jury trial, defendant was acquitted of unlawful imprisonment and found guilty of the remaining crimes. County Court directed defendant to pay $1,412.72 in restitution to the victim and sentenced defendant to prison terms of 2Vs to 7 years upon his conviction of aggravated criminal contempt and seven years upon his conviction of assault in the second degree, with the sentences to run consecutively and to be followed by three years of postrelease supervision. Defendant appeals.
Defendant first argues that the verdict is not based upon legally sufficient evidence. Although this argument was not preserved by an appropriate motion, addressing defendant’s claim in the interest of justice, we find it to be without merit in any event. In order to find a defendant guilty of aggravated *715 criminal contempt, the jury must conclude that “when in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued . . . [defendant] intentionally or recklessly cause[d] physical injury or serious physical injury to a person for whose protection such order was issued” (Penal Law § 215.52). Here, the orders of protection prohibited defendant from committing any criminal offense or act of physical violence against the victim. The victim alleged that defendant beat her, punching her and hitting her in the head with a metal tool. Indeed, defendant admitted hitting the victim in the face and throwing a space heater at her head, incidents constituting violations of the orders of protection. Moreover, defendant does not dispute that he was present in court when the orders were issued and that he therefore had actual knowledge of the terms of the orders (see People v Sullivan, 284 AD2d 917, 918 [2001], lvs denied 96 NY2d 942 [2001], 97 NY2d 658 [2001]).
Medical testimony supported the conclusion that the victim suffered the requisite physical injury, defined as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). The physician’s assistant who examined the victim after the incident described her as traumatized and dazed with lacerations on her face, bruising on her thorax, upper and lower extremities, blood on the inside of her nose and two black eyes. He stated that the victim had a laceration on her head that required surgical staples and that her injuries caused her pain, necessitating that she be given medication. Viewing the evidence in a light most favorable to the People, we conclude that “there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury” (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Contes, 60 NY2d 620, 621 [1983]) that defendant intended to cause the victim physical injury in violation of the orders of protection and did cause such injury (see People v Sullivan, supra at 917-918 [2001]; People v Ray, 273 AD2d 611, 612 [2000]).
Similarly, the evidence at trial was sufficient to support defendant’s conviction pursuant to Penal Law § 120.05 (2), which provides that “[a] person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument.” As noted above, the victim testified that her injuries were caused in part by defendant hitting her in the head with a metal tool *716 and defendant admitted that he threw a space heater at the victim, causing the laceration on her head. Either of these objects is a “dangerous instrument,” that is, “any instrument . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury” (Penal Law § 10.00 [13]; see People v Ray, supra at 613). Given our determination that legally sufficient evidence supports the jury’s conclusion that defendant intended to cause the victim physical injury and that she suffered such injury, we conclude that the elements of assault in the second degree were sufficiently established here.
We are also unpersuaded by defendant’s argument that the verdict was against the weight of the evidence. To the extent that the testimony of defendant and the victim differed, “our review of the record reveals no basis upon which to reject the jury’s decision to accept the [People’s] evidence on this issue and to reject defendant’s version of the incident” (People v Curry, 294 AD2d 608, 610 [2002], lv denied 98 NY2d 674 [2002]; see People v Al-Shimari, 266 AD2d 586, 587 [1999], lv denied 94 NY2d 916 [2000]).
We agree with defendant, however, that County Court erred in imposing consecutive sentences.* Penal Law § 70.25 (2) states, in relevant part, that “[w]hen more than one sentence of imprisonment is imposed . . . for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently.” Here, the act constituting assault in the second degree—intentionally causing physical injury by means of a dangerous instrument (Penal Law § 120.05 [2])—can be a material element of aggravated criminal contempt (Penal Law § 215.52). Thus, the People are obligated to demonstrate the legality of the consecutive sentences by showing, through identifiable facts, that the acts constituting each offense were separate and distinct (see People v Ramirez, 89 NY2d 444, 451 [1996]; People v Laureano, 87 NY2d 640, 643-645 [1996]).
County Court concluded that consecutive sentences were appropriate because defendant’s acts in punching and beating the victim formed the basis of the aggravated criminal contempt conviction, while his separate act of hitting the victim with a space heater formed the basis of the assault conviction. We *717 observe, however, that the court’s charge to the jury did not describe defendant initially punching the victim as a separate act, causing distinct physical injuries, from defendant throwing the space heater at her in another room. Nor is it clear that the jury accepted defendant’s claims that he threw the space heater at her after a cooling-off period; instead, the jury may have accepted the victim’s testimony that defendant hit her over the head with a metal tool during the initial beating. We therefore conclude that the People have failed to establish that the acts constituting the assault offense were separate and distinct from those that established the physical injury element of aggravated criminal contempt and, thus, concurrent sentences were required (see People v Parks, 95 NY2d 811, 815 [2000]; People v Jeanty [Johnson] [Black] [Bernard], 268 AD2d 675, 680 [2000], lvs denied 94 NY2d 945, 949 [2000]; see also People v De Maio, 304 AD2d 988 [2003]).
We have considered defendant’s remaining arguments and find them to be either meritless or rendered academic by our decision.
Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant’s sentences for the crimes of aggravated criminal contempt and assault in the second degree shall run concurrently rather than consecutively, and, as so modified, affirmed.

 Although defendant also failed to preserve this argument, “a challenge to an unlawful sentence falls outside the preservation rule” (People v Samms, 95 NY2d 52, 56 [2000]).