People v Agostini (2003 NY Slip Op 51728(U))

[*1]

People v Agostini

2003 NY Slip Op 51728(U)

Decided on December 16, 2003

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2003

Supreme Court, Kings County
The People of the State of New York, Plaintiff,
against
Richard Agostini, Defendant.
7206/92

L. Priscilla Hall, J.
The defendant, proceeding pro se, moves to vacate his sentence on the ground that the imposition of consecutive sentences was illegal.
In deciding this motion, the court has considered the moving papers, the affirmation in opposition, the defendant's reply affidavit, a transcript of the court's jury instruction and the court file.
Background
On June 4, 1992, Michael Russell and Tyrone Forde, armed couriers for Epic Security, went to Hornwell Brewery Company, located on East 46th Street and Glenwood and Farragut Roads to pick up a cash deposit. Mr. Forde picked up the deposit and started to enter the armored vehicle. Several individuals then began to shoot at Mr. Russell and Mr Forde. Mr. Forde entered the armored vehicle and closed the door. He then realized that he had been shot. One of the perpetrators then entered the vehicle and stole the cash pickup. During the course of the shooting, Mr. Russell was also shot.
On July 2, 1992, defendant was charged in an indictment, inter alia, with Robbery in the First Degree. On July 13, 1992, the defendant was arraigned and pleaded not guilty.
On October 18, 1993, a jury trial commenced. The court instructed the jury that it could find the defendant guilty only if the People proved beyond a reasonable doubt that the defendant forcibly took property from Mr. Forde and was armed with a deadly weapon. The court did not state which acts constituted the forcible taking. On the second count of Assault in the Second Degree, the court instructed the jury that the People must prove, beyond a reasonable doubt, that the defendant intended to seriously injure Mr. Russell and did in fact seriously injure him with a deadly weapon. With respect to the third count, Assault in the Second Degree, the court instructed the jury that the People must prove, beyond a reasonable doubt, that the defendant intended to seriously injure Mr. Forde and did in fact seriously injure Mr. Forde with a deadly weapon.
After deliberating, the jury found the defendant guilty of all charges.
On November 15, 1993, the defendant was sentenced on the first count, to a minimum of eight years imprisonment and a maximum of twenty five years to run consecutive with the terms of imprisonment on the second and third counts. The court sentenced the defendant on counts two and [*2]three, to a minimum of two years and a maximum of seven years imprisonment, to run concurrent with each other and consecutive with the first count.
Sentencing
The burden of proof is on the People to prove that consecutive sentences are authorized (People v Parks, 95 NY2d 811, 815; People v Day, 73 NY2d 208, 211). If the trial facts indicate that different acts or the same act could constitute an element of each of several offenses, the sentencing analysis focuses on the court' s instruction to the jury. An examination of the jury charge enables the court to determine the factual basis for the jury verdict (see People v Amato, — AD2d —, 766 NYS2d 735; People v Jeanty, 268 AD2d 675, 680). Where it is impossible to determine from the indictment (People v Lacy, 259 AD2d 784, 787) and the jury charge (Amato, — AD2d —, 766 YS2d 735; Jeanty, 268 AD2d at 680) whether the acts were separate and distinct for sentencing purposes, the People will have failed to meet their burden, thus making the consecutive sentence invalid (id.; see also Parks, 95 NY2d at 815; Day, 73 NY2d at 211).
Criminal Procedure Law section 430.10 prohibits a court from altering a commenced incarceration sentence, except where specifically authorized by law (People v Richardson, 100 NY2d 847; Matter of Pirro v Angiolillo, 89 NY2d 351, 356; People v Vasquez, 88 NY2d 561, 580-581; People v Yannicelli, 40 NY2d 598, 602). Even when a term of imprisonment has not begun, a lower court is without authority to modify a sentence if the term of the court in which the sentence was imposed has passed (People v Chunn, 186 AD2d 262, 263; People v White,121 AD2d 762, 763-764; cf. Hennessy v Cunningham, 57 AD2d 298, 300).
Criminal Procedure Law section 440.20 provides however, for the vacatur of sentence, even after the commencement of incarceration where the original sentence is illegal. However, if the sentence is legal, the court is not authorized to change the sentence (People v Corso, 40 NY2d 578, 580; People v Romain, 288 AD2d 242, 243; People v Gurlakis, 160 Misc 2d 345; People v Hilker, 134 Misc 2d 420, 422-423, affd 133 AD2d 986; see also Vasquez, 88 NY2d 561).
Penal Law section 70.25 mandates that when two crimes are committed by a single act, the sentences for each crime must run concurrently with each other (People v Salcedo, 92 NY2d 1019, 1021; People v Bryant, 92 NY2d 216, 230-231). Where separate or successive acts have occurred in the course of a single continuous criminal transaction and each act constitutes a separate and distinct crime, then consecutive sentences are authorized (id. ). However, when a continuous act occurs over a period of time, and during that period of time a different act constituting a separate crime is committed, consecutive sentences are authorized, notwithstanding the fact that the continuous act is an element of the second crime (Salcedo, 92 NY2d at 1021-1022; People v Brown, 80 NY2d 361, 364-365).
In determining the legality of consecutive sentences, the court compares the statutory elements of the different crimes (People v Laureano, 87 NY2d 640, 643). Where the elements of the crimes being compared are the same, consecutive sentences are authorized only if the bodily movements comprising the crimes are different and distinct (id. at 643). Central to this analysis is the actus reus element or elements of the crimes being analyzed (id. at 643: People v Ramirez, 89 NY2d 444, 451). Elements of a crime that are not acts or omissions are not considered in this analysis (Laureano, 87 NY2d at 644).
[*3]
In the instant case, the actus reus of Robbery in the First Degree is the forcible taking of property from Mr. Forde (see Ramirez, 89 NY2d at 452). However, the court, in its charge to the jury, did not specify which act of the numerous acts committed, constituted the force used to take the property. It is therefore possible, that the jury found that the shooting of Mr. Forde was the act establishing the force element of the robbery.
Assault in the Second Degree requires an act that caused injury to Mr. Forde. In this case, the only act that caused injury was the shooting of Mr. Forde.
Since the People have not shown that the act constituting the force in the robbery conviction and the act causing injury in the assault conviction were different, the two counts must run concurrent with each other.
In contrast, the act of shooting Mr. Russell was clearly a separate and distinct act from the force used to take property from Mr. Forde and from the shooting that caused the injury to Mr. Forde. Therefore, the second count of Assault in the Second Degree can run consecutive with the first and third count.
The motion to vacate the sentence is granted to the extent that Counts one and three are hereby ordered to run concurrent with each other and consecutive to Count two. Count two is ordered to run consecutive with Counts one and three. The length of imprisonment shall remain the same.
This constitutes the decision and order of the court.
The defendant is hereby advised of his right to apply to the Appellate Division, Second Department, 45 Monroe Place, Brooklyn, New York 11201 for a certificate granting leave to appeal from this decision. This application must be made within 30 days of service of this decision. Upon proof of financial inability to retain counsel and to pay the costs and expenses of the appeal, the defendant may apply to the Appellate Division for the assignment of counsel and for leave to prosecute the appeal as a poor person and to dispense with printing. Application for poor person relief will be entertained only if and when permission to appeal or a certificate granting leave to appeal is granted (22 NYCRR 671.5).
E N T E R ,
__________________________________
L. PRISCILLA HALL
 J. S. C.