■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 18, 1989, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree.

During the morning of March 11, 1989, Wilfredo Santiago, an inmate at Elmira Correctional Facility, was assaulted and stabbed by another inmate who was wearing a hooded sweatshirt. Correction Officer Christian Marcus pursued the fleeing assailant who had thrown a shank into a cell; Marcus was unable to apprehend the inmate, whom he did not recognize at that moment. Correction Officer Michael Di Fasi, who participated in stopping the altercation between Santiago and defendant, had immediately identified defendant at the scene as the assailant and so testified at the trial.

Defendant first contends it was error to require that he be shackled during the trial in the presence of the jury. A defendant may not be so shackled or manacled absent a rational or justifiable basis in the record which demonstrates the proper exercise of discretion by the trial court *(People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 995). Here, County Court had ample basis to find that defendant was a viable threat to the safety and security of those persons in the courtroom and the public at large *(see, People v Bosket,* 168 AD2d 833, *lv denied* 77 NY2d 904). Defendant had been tried in the same courtroom several months earlier on an indictment charging an attack upon the same victim with a shank. Appearing *pro se,* defendant had exhibited aggressive, uncontrolled behavior and resistance to proper order and decorum, causing this same Trial Judge concern for the safety of those in the courtroom. At the instant trial, defendant persistently refused to appear and was brought to court under compulsion in shackles. In both the voir dire and its charge, County Court clearly instructed the jury against drawing any adverse inferences because defendant (and certain inmate witnesses) were shackled, thereby obviating any prejudice *(see, supra).*

Nor do we find merit in defendant's next argument that the verdict was not supported by sufficient evidence and was against the weight of the evidence. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60

NY2d 620, 621; *People v Dunavin,* 173 AD2d 1032), we find that it was legally sufficient. Contrary to defendant's argument, Marcus and Di Fasi both testified that they actually saw the victim attacked with a shank. Di Fasi recognized defendant to be the assailant and Marcus thereafter also identified defendant. Marcus was within a few inches of defendant and face to face with him during the incident. Moreover, both saw defendant run from the scene and throw the shank into a cell. It is presumed that the jury credited this testimony over the conflicting testimony from defendant's witnesses *(see, People v Hagmann,* 175 AD2d 502). Moreover, upon the exercise of our power to review the facts, we are satisfied that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495; *see also,* CPL 470.15 [5]).

Finally, given the violent nature of the incident and defendant's extensive criminal record, we find unpersuasive the contention that the sentence was harsh and excessive. We further reject the arguments in defendant's *pro se* brief, which do not require extensive response.

Casey, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.