■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WRIGHT, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 27, 1989, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was involved in a melee occurring during a recreation period in the field house of Elmira Correctional Facility in Chemung County during which a correction officer was cut. Defendant contends that County Court erred in refusing to order the production of an inmate witness despite defendant's request made during the trial. The request was denied as untimely. CPL 630.10 provides for production of an inmate witness in a criminal proceeding upon demonstration of reasonable cause to believe such person possesses information material thereto. Here, defendant failed to establish the possible materiality of the witness and also failed to seek the witness's presence within the required two-week time frame envisioned by the statute. Under these circumstances, the court properly denied defendant's request.

We also find no merit to defendant's exception to County Court's questioning of defense witnesses. The questioning was but a brief and minor intrusion and thus not impermissible *(see, People v Garrow,* 151 AD2d 877, *lv denied* 74 NY2d 948).

Defendant's objection to County Court's direction to proceed to summation following a five-minute recess at the completion of trial is also without merit. No prejudice accrued to defendant from such ruling. We further note that defendant was given wide latitude in presenting his summation. Both he and the prosecutor were each accorded 30 minutes to present their arguments which was sufficient to make an effective closing argument.

Defendant also objects to the denial of his pretrial discovery motion seeking records concerning the constitution of the Grand Jury and the possible underrepresentation of minorities. Such a request, however, must be made to this court pursuant to Judiciary Law § 509 (a). Having failed to do so, the denial of defendant's motion was appropriate.

Finally, we find defendant's contention that the prison sentence he received of 2 to 6 years was harsh and excessive to be without merit. The sentence was within the statutory guidelines. Defendant presents no extraordinary circumstances warranting modification thereof *(see, People v Ambrose,* 160 AD2d 1097, 1097-1098, *lv denied* 76 NY2d 784).

Mahoney, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.