(September 24, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JUAN NUNEZ, Appellant.—Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered February 4, 1988, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Initially, we find defendant's contention that he was subjected to double jeopardy because the same incident gave rise to both a criminal indictment and a prison disciplinary proceeding to be meritless *(see, People v Frye,* 144 AD2d 714, *lv denied* 73 NY2d 891). We also reject defendant's claim that the People were required to notify him of the Grand Jury proceeding against him. No such notification is required where, as here, the proceeding is initiated by an indictment and not by a felony complaint (CPL 190.50 [5]; *see, People v Wong,* 163 AD2d 738, *lv denied* 76 NY2d 992). Likewise, defendant's contentions that the verdict was not supported by sufficient evidence and was against the weight of the evidence are meritless. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that the eyewitness testimony of two correction officers, who observed defendant run from the scene of an altercation carrying a shank and drop the shank into a weight box from which it was retrieved, constitutes legally sufficient evidence that defendant had committed the crime of promoting prison contraband in the first degree *(see, People v Brown,* 176 AD2d 408, *lv denied* 79 NY2d 853). We are further satisfied that the verdict was not against the weight of the evidence.

Given the serious nature of defendant's crime and his criminal record, we find no reason to disturb the sentence of 2½ to 5 years' imprisonment imposed by County Court *(see, People v Wright,* 176 AD2d 1131, *lv denied* 79 NY2d 866; *People v Brown, supra).* Defendant's other contentions have not been preserved for review and are, in any event, without merit.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.