■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN RIVERA, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 10, 1991, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant's conviction stems from the possession of a single-edge razor blade on July 31, 1990 while an inmate at Elmira Correctional Facility in Chemung County. Defendant's pretrial motions seeking dismissal of the indictment on grounds of double jeopardy and lack of legally sufficient evidence were denied. On motion of the People, defendant's legs were shack-

led during the trial. Defendant also wore prison greens during the trial.

On this appeal defendant alleges a number of errors which he contends denied him a fair trial, including the denial of his right to wear civilian clothes and the shackling of his legs during court appearances. The record contradicts defendant's contention that he was denied the right to wear civilian clothes. The clothes he wore were by his own choice. We also find that County Court acted within its power in shackling defendant because of his unruly and disruptive behavior at a preliminary motion appearance and because of his prior assaultive propensities, as set out in the District Attorney's affidavit seeking such restraints.

There is no merit to defendant's contention that the possession of a single-edge razor blade does not constitute the promotion of prison contraband in the first degree. The Penal Law defines dangerous contraband as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). Defendant was found with a single-edge razor blade secreted in his mouth. Officers testified that the type of single-edge razor blade defendant possessed was not an official shaving issue. It was for the jury to determine if the blade could be characterized as a weapon. The verdict is supported by both legally sufficient evidence and the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

Defendant's motion to dismiss the indictment on grounds of double jeopardy was properly denied. A prison disciplinary proceeding does not form the predicate for a claim of double jeopardy upon the indictment and trial of the inmate for alleged crimes based on acts on which the disciplinary proceeding was also based even if defendant loses good time (People v Briggs, 108 AD2d 1058). Defendant contends that he is entitled to a new trial due to his absence from the last day of trial. We disagree. Defendant refused to attend the trial. County Court also instructed the jury not to draw unfavorable inferences from his nonappearance, thus nullifying any possible negative conclusions harbored by the jury.

Finally, we find the sentence imposed 3½ to 7 years to be well within the discretion of County Court. It was not excessive and we decline to modify it. The other issues raised by defendant are without merit and we decline to discuss them.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.