■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MENDOZA, Appellant. [666 NYS2d 260] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 27, 1996, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On July 20, 1995, at approximately 8:00 P.M., defendant and another inmate at Elmira Correctional Facility in Chemung County were observed chasing a third inmate across the prison yard with defendant holding a "black object" in his right hand. Three correction officers interceded and, during the ensuing scuffle, defendant stabbed the third inmate. Defendant attempted to flee but was cornered by correction officers and ordered to drop the weapon. At that point, defendant was seen

throwing an object in an area where an 8 to 9-inch "shank" was immediately recovered.*

Defendant was indicted on one count of promoting prison contraband in the first degree. Although defendant did not testify at trial, the defense attempted to prove that he obtained the weapon from another inmate in self-defense while being accosted in the shower. The jury found defendant guilty of the charged crime and he was sentenced as a second felony offender to a prison term of 2½ to 5 years. Defendant appeals.

We affirm. Initially, we find that defendant's conviction was supported by legally sufficient evidence. In order to prove the legal sufficiency of a jury verdict, it must be determined "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Hubert*, 238 AD2d 745, *lv denied* 90 NY2d 859). An inmate is guilty of promoting prison contraband in the first degree when "he knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). Notably, "dangerous contraband" includes knife-like weapons known as "shanks" (*see, People v Nunez*, 186 AD2d 317, 318, *lv denied* 81 NY2d 765; *People v Brown*, 176 AD2d 408, *lv denied* 79 NY2d 853; *People v Luck*, 173 AD2d 981).

Here, the proof, viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621; *People v Nunez, supra*, at 318), is sufficient to establish that defendant knowingly possessed a sharpened steel shank in violation of law and the facility regulation. The People presented evidence showing that defendant was observed chasing another inmate while holding a "black object" in his hand. Defendant stabbed the inmate and was chased by correction officers who ordered him to drop the object, which was immediately recovered, identified as a shank and inscribed with defendant's name. This evidence, along with proof concerning information given to defendant with respect to the rules and regulations governing dangerous contraband in the facility, constitutes legally sufficient evidence establishing all the elements of the charged crime.

Next, although defendant asserts that the proof was insuf-

* The inmate stabbed by defendant was found to be in possession of a razor.

ficient based upon self-defense, we find that argument a claim that the verdict wa₃ against the weight of the evidence. However, "viewing the evidence in a neutral light while giving due deference to the jury's assessment of credibility" (*People v Hubert, supra*, at 746), we cannot conclude that the verdict was against the weight of the evidence or that it was unreasonable for the jury to reject the self-defense theory. Notably, a jury could rationally conclude that, regardless of the circumstances under which defendant may have originally obtained the weapon, his conduct thereafter demonstrated that his possession was unlawful.

The remaining arguments advanced by defendant have been examined and found to be without merit, including defendant's contention that his sentence was harsh and excessive. The sentence was less than the harshest statutorily permissible (*see*, Penal Law § 70.06 [3] [d]) and, given defendant's past criminal history, we find no reason to conclude that County Court abused its broad discretion.

Mikoll, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.