■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ROSARIO, Appellant. [693 NYS2d 648] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 31, 1997, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While incarcerated at Elmira Correctional Facility in Chemung County, defendant activated a hand-held metal detector while being randomly frisked by a correction officer. The correction officer immediately conducted a strip search of defendant's person which disclosed that he had secreted in his anal cavity a single-edged razor blade, wrapped in cardboard, secured with electrical tape and encased in a latex glove. Following a jury trial, defendant was convicted of promoting prison contraband in the first degree. He was sentenced as a second felony offender to a prison term of 2½ to 5 years to run consecutively to the sentence he was serving.

On appeal, defendant contends that his conviction is not sup-

ported by legally sufficient evidence and is against the weight of the evidence because a necessary element of that crime, namely, possession of "dangerous contraband" (*see*, Penal Law § 205.25), is missing. Defendant argues that the contraband he possessed was not "dangerous" as the razor blade was completely wrapped in cardboard and electrical tape and, given its hiding place, was inaccessible. Defendant asserts that, at most, he should have been found guilty of promoting prison contraband in the second degree which does not require that the contraband be "dangerous" (*see*, Penal Law § 205.20).

We find defendant's arguments to be without merit. Contraband is defined as "dangerous" if it "is capable of such use as *may* endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4] [emphasis supplied]). There is no requirement that it be both dangerous and, as defendant appears to suggest, immediately available for use. Clearly, an unauthorized razor blade, in the context of a correctional facility, is "dangerous" and the fact that it would take some time and effort to remove it from its hiding place and unwrap it before it can reach its full potential as a dangerous instrument is irrelevant. Therefore, we conclude that defendant's conviction of promoting prison contraband in the first degree is fully supported by legally sufficient evidence and is not against the weight of the evidence (*see*, *People v Rivera*, 189 AD2d 920, 921, *lv denied* 81 NY2d 975).

Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.