■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGELIS MIRABAL, Appellant. [717 NYS2d 404] —Mugglin, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered October 18, 1999, convicting defendant following a nonjury trial of the crimes of sodomy in the first degree, sexual abuse in the third degree and endangering the welfare of a child.

As a result of these convictions, defendant was sentenced to a determinate term of imprisonment of 12½ years for sodomy in the first degree, a concurrent term of three months on the conviction of sexual abuse in the third degree and a concurrent term of one year for endangering the welfare of a child.

The principal argument of defendant on this appeal is that the evidence presented at trial was legally insufficient to establish beyond a reasonable doubt the element of forcible compulsion required under the charge of sodomy in the first degree, and that the verdict was against the weight of the evidence. "'Forcible compulsion'" is defined as compulsion either by "a. use of physical force; or b. a threat, express or implied, which places a person in fear of immediate death or physical injury" (Penal Law § 130.00 [8]). Viewing the evidence in the light most favorable to the People, as we must (*see, People v Contes*, 60 NY2d 620, 621; *People v Nunez*, 186 AD2d 317, *lv denied* 81 NY2d 765), we find the proof insufficient to establish beyond a reasonable doubt that defendant used physical compulsion to engage in deviate sexual intercourse as alleged in the indictment. Here, the prosecution's case consisted of two witnesses,

the victim and her friend who observed her before and after the events in question.

With respect to the use of physical force, the victim testified that defendant placed his penis in her mouth and had his hands on the back of her head. The victim further claimed, without detailed elaboration, that she unsuccessfully attempted to stop the act. Although we recognize that corroboration is not necessary, the record does not contain any evidence to support the victim's contention that defendant used physical force to compel her to engage in the sexual act. The defense, on the other hand, presented several witnesses who claimed to have been told by the victim that no physical force was used and that she did not feel threatened in any way. Defendant, although admitting that the sexual act took place, denied the use of any physical force and in fact maintained that the victim initiated and perpetrated the sexual act, without resistance on his part.

We recognize that the trial court's determination and assessment of credibility is accorded great weight and will not be disturbed unless clearly unsupported by the record (*see, People v Fernandez*, 248 AD2d 801). We conclude that a fair assessment of all of the evidence in the case fails to establish the element of forcible compulsion beyond a reasonable doubt. According to the victim, she voluntarily went to the basement of defendant's premises in the company of defendant and at least four other people. At that time, defendant began to kiss the victim and attempted other sexual contact. When the victim resisted and told defendant to stop, defendant did so and left the area. During the interim period, before defendant's return, the victim engaged in sexual intercourse with another individual and smoked marihuana and had sexual intercourse with a third individual. Although the victim claims, in conclusory fashion, that she was forced to engage in these sex acts, there are no other detailed facts which would support this claim. She then engaged in the alleged sodomy with defendant. Following this, the victim engaged in oral sex with the individual with whom she first had sexual intercourse, and although she claims this was forcible, there are no factual details to support this conclusory assertion. Thereafter, upon being informed that defendant's girlfriend had arrived earlier than expected and was upstairs, and fearing for her safety, the victim, with the aid of two of her alleged assailants, exited through a cellar window and left the premises.

It is evident that the victim made no immediate complaint or claim that defendant forced her to perform oral sex. The

victim's friend claims to have been aware that the individuals intended to engage in sexual acts with the victim but instead of warning the victim, she left the premises. When she observed the victim after the alleged incident, she concluded that the victim was very "high" and had engaged in the sex acts, although she apparently made no inquiry as to precisely what occurred. The friend admitted that her knowledge of the events was simply hearsay. It was not the victim who informed anyone of what had transpired, but the friend who informed the victim's mother and the mother who decided that the incident should be reported to the police. Even crediting the testimony of the victim, we are not persuaded that this evidence alone satisfies the prosecution's burden of proving the element of forcible compulsion beyond a reasonable doubt. Accordingly, the conviction for sodomy in the first degree must be reversed and that count of the indictment dismissed.

In view of the foregoing, we have not considered defendant's contention that the verdict was against the weight of the evidence or the balance of his contentions concerning the sentence imposed, except to the extent that defendant asserts that the refusal to grant youthful offender treatment was error. In this regard, we cannot say that the denial of defendant's application for youthful offender treatment was an improvident exercise of discretion. There is absolutely no evidence to support defendant's contention that County Court abused its discretion in this regard (see, People v Campbell, 245 AD2d 983).

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found defendant guilty of the crime of sodomy in the first degree, said count of the indictment dismissed; and, as so modified, affirmed.