■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ALFORD, Appellant. [731 NYS2d 563] —Lahtinen, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered September 29, 1997, convicting defendant following a nonjury trial of the crimes of rape in the first degree, rape in the third degree, sexual abuse in the first degree and endangering the welfare of a child.

Defendant was indicted by a Delaware County Grand Jury for the crimes of rape in the first degree, rape in the third degree, sexual abuse in the first degree and endangering the welfare of a child. The charges stemmed from a November 27, 1996 incident at an apartment in the Village of Walton, Delaware County, in which defendant, then 32 years of age, forced the then 15-year-old victim to have sexual intercourse with him. Convicted of all the charges after a nonjury trial, defendant was sentenced as a persistent felony offender to an indeterminate prison term of 25 years to life on his conviction for rape in the first degree, and concurrent lesser sentences on the other convictions. Defendant now appeals claiming that the evidence was legally insufficient to support each conviction, that the verdict was against the weight of the evidence and that his sentence was harsh and excessive.

Defendant initially argues that the evidence presented was legally insufficient to establish his guilt and the verdict was against the weight of the evidence. We disagree. The victim testified that she was born in May 1981 and on November 27, 1996 she went with a friend to Keith Maler's apartment about 9:30 P.M. where she met and talked to defendant. They first spoke in the living room and then proceeded to a bedroom off the kitchen where, shortly after they arrived, defendant began to take off her shirt. She told defendant to stop but he removed the shirt and, with his arm around her, removed her pants, shoved her on the bed, got himself undressed and raped her. She testified that she repeatedly told him to stop but made no attempt to escape through the bedroom door, which consisted only of a beach towel, or put up a struggle because she "froze" and feared for her safety. She further testified that she did not cry out because she did not believe anyone would hear her because the music in the apartment was so loud. She also testified that after the criminal acts were completed, defendant threatened to kill her and her family if anyone found out. She then got dressed in the bathroom and went to the other bedroom and played cards with her friend. She did not report the rape until December 30, 1996.

Defendant denied that he spoke to the victim that evening, was ever alone with her or had any sexual contact with her. He presented proof that the victim's accusations surfaced after she was threatened by the mother of his two children with whom he was living at the time. In support of his claim, defendant also points to the lack of corroboration for the victim's story, the lack of physical evidence, and the victim's prior documented false report that she was the victim of a sex offense.

We find that the proof, when viewed in the light most favorable to the People (*see, People v Spaulding*, 247 AD2d 762, 764), was legally sufficient to establish all the elements of the crimes for which defendant was convicted. Proof of the ages of the victim and defendant was uncontroverted and, upon County Court's finding that they engaged in sexual intercourse, the elements of rape in the third degree were established (Penal Law § 130.25 [2]). As to the charge of rape in the first degree, the victim's testimony, set forth above, was sufficient to establish "forcible compulsion,"* an element of rape in the first degree under Penal Law § 130.35 (1), as neither physical injury nor screaming or crying out is required for a conviction for that crime (*see, Matter of Dakota EE.*, 209 AD2d 782; *People v Wilson*, 192 AD2d 782, 783; *People v Cook*, 186 AD2d 879, 880, *lv denied* 81 NY2d 761; *see also, People v Thompson*, 72 NY2d 410, 415-416). Although defendant also argues that the People's proof lacks corroboration, we note that corroboration is not required to establish rape or other sex offenses under Penal Law article 130 which include forcible compulsion as an element (*see, People v Soulia*, 263 AD2d 869, 872, *lv denied* 94 NY2d 829; *Matter of Dakota EE.*, *supra*, at 782; *see also, People v Mirabal*, 278 AD2d 526, 527). Additionally, corroboration is not required for sex offenses such as rape in the third degree where a victim's incapacity to consent is a product of his or her age (*see, People v Kelly*, 270 AD2d 511, 512, *lv denied* 95 NY2d 854; *People v Soulia*, *supra*, at 872).

Likewise, the People's proof was sufficient to establish the elements of sexual abuse in the first degree (*see*, Penal Law § 130.65 [1]; *see also*, Penal Law § 130.00 [3]; *People v Howard*, 195 AD2d 1082, *lv denied* 82 NY2d 755; *People v Dupont*, 60 AD2d 689) and endangering the welfare of a child (*see*, Penal Law § 260.10 [1]; *see also, People v Gilmore*, 252 AD2d 742, *lv denied* 92 NY2d 925).

Defendant next claims that the verdict was against the weight of the evidence. Based upon our independent review of the trial evidence (*see, People v White*, 261 AD2d 653, 657, *lv denied* 93 NY2d 1029; *see also, People v Bleakley*, 69 NY2d 490, 495), we again disagree. The People called three witnesses at

---

* " 'Forcible compulsion' means to compel by either:
   "a. use of physical force; or
   "b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped" (Penal Law § 130.00 [8]).

trial, the victim, the victim's friend and Maler, the lessee of the subject apartment. Contrary to defendant's testimony that he had no contact with the victim but "just looked at her" on the date at issue, Maler testified that he saw defendant and the victim with everyone in the living room and then saw them leave through the door into the kitchen but was not sure where they went. Additionally, the victim's friend testified that the night she and the victim stayed at Maler's apartment, she saw the victim and defendant go into the other bedroom in the apartment. Although a review of the record reveals that this witness testified that the date was December 10, 1996, a date different from the one charged in the indictment, defendant concedes in his brief that "[a]fter some initial confusion, [the friend] related the events of November 26, [1996]." Finally, the victim's testimony, as noted above, contradicts defendant's testimony and was sufficient to establish each element of the crimes charged.

In conducting our independent review of the record, we accord great deference to County Court, as the trier of fact, given its opportunity to "view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley, supra,* at 495; *see, People v Mirabal,* 278 AD2d 526, 527, *supra*), as issues of credibility, as well as the weight to be given to the evidence presented, are primarily questions to be determined by the court in a nonjury trial (*see, People v Coleman,* 278 AD2d 891, *lv denied* 96 NY2d 798). Those determinations will not be disturbed unless clearly unsupported by the record (*see, id.,* at 891; *People v Montalvo,* 263 AD2d 461, 462, *lv denied* 94 NY2d 826; *People v Garcia,* 256 AD2d 521). While defendant denied committing the crimes for which he was charged, County Court rejected his version of the events and "we find no basis on this record to disturb County Court's determination of his credibility" (*People v Monroe,* 277 AD2d 598, 599). According County Court's assessments this deference, we conclude that County Court's guilty verdict was not against the weight of the evidence. Additionally, we do not find that any of the inconsistencies in the testimony of the People's witnesses rendered the victim's testimony incredible as a matter of law (*see, Matter of Dowayne H.,* 278 AD2d 706) nor that the People's proof was so contradicted by compelling evidence that it was unworthy of belief as a matter of law (*see, People v Smith,* 272 AD2d 713, 716, *lv denied* 95 NY2d 871).

Finally, we reject defendant's claim that his sentence was harsh and excessive. Properly sentenced as a persistent felony offender (Penal Law § 70.10) to terms of imprisonment within

the applicable statutory guidelines, defendant has not demonstrated any extraordinary circumstances which would warrant this Court to disturb his otherwise lawful sentences (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.