■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDEN HODGE, Appellant. [735 NYS2d 261] —Spain, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered March 7, 2000, convicting defendant following a nonjury trial of the crimes of criminal possession of a weapon in the third degree, promoting prison contraband in

---

the first degree and obstructing governmental administration in the second degree.

Following a bench trial, defendant was convicted of criminal possession of a weapon in the third degree and promoting prison contraband in the first degree, both felonies, as well as the misdemeanor of obstructing governmental administration in the second degree. The convictions arose out of defendant's actions on May 2, 1999 while confined at Adirondack Correctional Facility in Essex County. A correction officer testified at trial that while making rounds, he discovered defendant standing on the top bunk in his cell, fumbling with something above the surface-mounted fluorescent light fixture, and observed what appeared to be a shoelace hanging from the gap between the light and ceiling. Defendant ignored repeated orders to get down and, after retrieving a long metal shank tied to a shoelace, jumped down and fled his open cell.

The correction officer grabbed defendant by the back of his shirt in the hallway and attempted to restrain defendant, who was wildly swinging the shank. After a struggle and then a brief stand-off during which defendant pointed the shank in the officer's direction, defendant ran to a window and pushed the shank outside through a hole in the screen, allowing it to fall to a secure area inaccessible to inmates. Another correction officer testified that he thereafter recovered a sharp, eight-inch shank attached to a shoestring on the ground below that window. The shank was later identified by the correction officer who witnessed defendant push it out the window. Defendant testified, denying any altercation with the officer or possessing a shank, and claiming that the charges were fabricated. Upon the verdict of guilty, defendant was sentenced to concurrent prison terms of 3 to 6 years upon each of his felony convictions and one year in jail upon his conviction of the misdemeanor.

Defendant appeals, primarily contending that the verdict is against the weight of the evidence. " '[W]eigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62; *see, People v Krug*, 282 AD2d 874, 878), we disagree. On this review, and particularly in evaluating the credibility of witnesses, great deference is accorded to County Court, the trier of fact, given its opportunity to view the witnesses, hear their testimony and observe their demeanor (*see, People v Alford*, 287 AD2d 884, 887; *People v Walker*, 175 AD2d 146, 147, *lv denied* 78 NY2d

1131; *see also, People v Bleakley, supra,* at 495). Only if it appears that the trier of fact failed to give the evidence the weight it should be accorded, should this Court set aside the verdict (*see,* CPL 470.20 [5]; *People v Bleakley, supra,* at 495; *People v Krug, supra,* at 878).

Here, we find that the probative force of the conflicting testimony supports the verdict in all respects. As to the weapons possession count, the testimony and the object itself amply established the nature of the weapon defendant possessed and, in fact, used unlawfully to threaten the correction officer (*see,* Penal Law § 265.01 [2]; § 265.02 [1]). The shank was a dangerous instrument (*see,* Penal Law § 10.00 [13]) and defendant's intent to use it unlawfully was readily inferable (*see,* Penal Law § 265.15 [4]; *Matter of Jesse QQ.,* 243 AD2d 788, *lv denied* 91 NY2d 804). To the extent that defendant challenges the legal sufficiency of the evidence supporting the convictions, defendant admitted the prior conviction and the People proved defendant's commission of these crimes beyond a reasonable doubt (*see, People v Bleakley, supra*).

With regard to defendant's conviction of promoting prison contraband in the first degree, the People's proof established that defendant knowingly and unlawfully possessed the shank, which constituted "dangerous contraband" (*see,* Penal Law § 205.25 [2]; *People v Mendoza,* 244 AD2d 815, 816, *lv denied* 91 NY2d 943). Further, defendant's refusal to comply with orders and continued physical resistance support the governmental obstruction conviction (*see,* Penal Law § 195.05). While defendant denied the charged conduct, County Court rejected his testimony and we perceive no basis upon which to disturb the court's credibility determination (*see, People v Alford,* 287 AD2d 884, 887, *supra*). There was nothing incredible or unbelievable about the People's witnesses and, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We have considered defendant's remaining contentions and find that they are either unpreserved or without any merit.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.