(June 24, 2004)

■ The People of the State of New York, Respondent, v Arthur Montgomery, Appellant. [779 NYS2d 626]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 15, 2000, upon a verdict convicting defendant of two counts of the crime of promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged in an indictment with two counts of promoting prison contraband in the first degree. At trial, two correction officers testified that after defendant set off a walk-through metal detector, he was searched and found to have two six-inch sharpened metal shanks wrapped in a sock in his pants pocket. In his testimony, defendant denied setting off the metal detector or having the shanks in his possession and asserted that the correction officers lied in retaliation for his earlier written complaints. In summation, defense counsel questioned why other officers who were present at the time of the incident were not identified and called as witnesses, suggesting again that defendant had been set up or framed. The prosecutor, in turn, commented on this by pointing out that there had been no testimony that any other officers had observed the incident and suggesting that if any such officers had been called, their testimony would have been the same as that of the officers who did testify. Defendant was convicted as charged and sentenced as a second felony offender to concurrent prison terms of 2½ to 5 years, to run consecutively to the sentence he was then serving. On appeal, defendant asserts that his conviction is against the weight of the evidence, the prosecutor's comments deprived him of a fair trial and his sentence is unduly harsh and an abuse of discretion.

We find that the verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). One correction officer testified as to the detection and discovery of the shanks on defendant's person. The other officer who witnessed the incident confirmed the first officer's account. The jury's decision to accept the officers' testimony and discredit defendant's account was not "manifestly erroneous [or] plainly unjustified by the evidence" and will not be disturbed (People v Corporan, 169 AD2d 643, 643 [1991], lv denied 77 NY2d 959 [1991]; see People v Love, 307 AD2d 528, 530 [2003], lv denied 100 NY2d 643 [2003]).

While it is improper for the prosecutor to refer to matters not in evidence by suggesting during summation that, if called to testify, any other correction officer observing the incident would

have testified the same as the two officers who did testify (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]), we view the comment here in the context of defense counsel's summation, which asked the jury to consider whether no other officers were called because they might support defendant's account of the incident and show that he was framed (*see People v Hughes*, 280 AD2d 694, 696-697 [2001], *lv denied* 96 NY2d 801 [2001]; *People v Corniel*, 258 AD2d 812, 815 [1999], *lv denied* 93 NY2d 968 [1999]; *People v Guillebeaux*, 229 AD2d 399 [1996], *lv denied* 88 NY2d 1021 [1996]). This comment, even when considered together with the prosecutor's second remark, which asked the jury to consider whether defendant's stated dislike of prison could be a motive for him to testify falsely, did not rise to the level of prejudicing the jury (*see People v Halm*, 81 NY2d 819, 821 [1993]), and does not establish a "flagrant and pervasive pattern of prosecutorial misconduct," warranting a new trial (*People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]; *see People v Ciborowski*, 302 AD2d 620, 622-623 [2003], *lv denied* 100 NY2d 579 [2003]).

Finally, given defendant's lengthy criminal record, which includes the crimes of robbery, burglary and murder, we reject his contention that he should have received the minimum concurrent prison terms of 2 to 4 years (*see* Penal Law § 70.06 [3] [d]; [4] [b]). We see no abuse of discretion or extraordinary circumstances warranting modification here (*see People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Hines*, 277 AD2d 504, 505 [2000], *lv denied* 96 NY2d 759 [2001]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.