■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON CALLENDER, Appellant. [851 NYS2d 729]—

Malone Jr., J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 5, 2007, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate, was confined to a room and placed on a 24-hour contraband watch under constant monitoring after correction officers observed him in the visiting room acting as though he was concealing something on his person. He remained in the contraband watch room for a number of days and eventually underwent an X ray, which revealed that he had what ap-

peared to be razor blades secreted in his rectal cavity. Defendant was then returned to the contraband watch room where the monitoring continued. After defendant had been in the contraband watch room for six days, he turned over to a correction officer a cup with various items, including a razor blade and sheath. He was subsequently charged in an indictment with promoting prison contraband in the first degree. Following a jury trial, defendant was found guilty of the charge and he was sentenced, as a second felony offender, to a prison term of 3 to 6 years, to run consecutive to the sentence he was then serving. Defendant appeals.

We turn first to defendant's contention that the verdict is against the weight of the evidence. This inquiry requires us to first determine "[i]f based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *accord People v Romero*, 7 NY3d 633, 643 [2006]). If we find that it would not, we must then, "like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Romero*, 7 NY3d at 643).

The crime of promoting prison contraband in the first degree requires proof that defendant, while confined in a detention facility, knowingly and unlawfully made, obtained or possessed any dangerous contraband (*see* Penal Law § 205.25 [2]; *People v Johnson*, 24 AD3d 803, 804 [2005]). Here, the testimony of correction officials established that defendant was placed on 24-hour contraband watch after he exhibited suspicious behavior in the visiting room of the correctional facility, and he surrendered a razor blade and sheath while he was under observation. Defendant's possession of the razor blade was corroborated by medical professionals, who testified that the X ray revealed that defendant had secreted one or more razor blades in his rectal cavity. Although defendant testified on his own behalf that he did not possess the razor blade and that he was "set up," his testimony was inconsistent with prior statements that he made while under observation. Having opened the door to the introduction of rebuttal testimony, we find no error in County Court's allowance of such testimony for impeachment purposes (*see People v Wise*, 46 NY2d 321, 325-326 [1978]; *People v Martin*, 8 AD3d 883, 886 [2004], *lv denied* 3 NY3d 677 [2004]; *People v Greene*, 306 AD2d 639, 641-642 [2003], *lv denied* 100 NY2d 594 [2003]). Mindful that "[g]reat deference is accorded

to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d at 495) and, viewing the evidence in a neutral light, we do not find on the record before us that the verdict is against the weight of the evidence.

Defendant further contends that he was deprived of the effective assistance of counsel by his attorney's failure to call his mother to testify at trial. However, inasmuch as this claim is premised on matters outside the present record, it is more properly the subject of a CPL article 440 motion (*see People v Ponder*, 43 AD3d 1398, 1400 [2007]; *People v Chiera*, 255 AD2d 685, 686 [1998]). Defendant's further assertion that he was denied a fair trial by references to his status as an inmate and the lack of a curative instruction has not been preserved for our review and, in any event, is lacking in merit.

Peters, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.