■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BREEDLOVE, Appellant. [878 NYS2d 465]—

McCarthy, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 14, 2008, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged in an indictment with one count of promoting prison contraband in the first degree arising out of an incident at the Great Meadow Correctional Facility in Washington County wherein he was found in possession of a razor blade. After his request for new assigned counsel was denied and following proper warnings by County Court, defendant elected to represent himself at the ensuing jury trial. At trial, it was established through the testimony of two correction officers and a correction sergeant that defendant set off two separate metal detectors at the facility—one of which was specifically designed to detect contraband inside a body cavity—thus prompting a strip search. During the strip search, according to the People's witnesses, a tissue fell out of defendant's buttocks. Inside the tissue was a razor blade wrapped in electrical tape.

Defendant took the stand in his own defense and denied that he set off any metal detector on the day in question or that he was in possession of a razor blade. Found guilty as charged by the jury, he was sentenced, as a second felony offender, to 2½ to 5 years in prison, to run consecutively to the sentence he was then serving, and fined $2,000. He now appeals.

Defendant first argues that the verdict is against the weight of the evidence. This argument is premised on defendant's assertion that his version of events and testimony was more credible than that of the two correction officers and correction sergeant who testified on behalf of the People. According to defendant, these witnesses' testimony was "incredible" and "specious" and the entire incident as described by them was "fabricated." According due deference to the jury's first-hand ability to evaluate the conflicting accounts of the incident and to assess witness credibility, we find no reason to disagree with its decision to accept the testimony of the People's witnesses and disregard that of defendant (*see People v Watkins*, 49 AD3d 908, 908-909 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Callender*, 48 AD3d 976, 977-978 [2008], *lv denied* 10 NY3d 860 [2008]; *People v Montgomery*, 8 AD3d 881, 882 [2004], *lv denied* 3 NY3d 678 [2004]; *see also* Penal Law § 205.25 [2]). In short, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant next argues that County Court erred in denying his motion for substitute counsel and further that he received ineffective assistance from his assigned counsel. The record reveals that defendant's assigned counsel made appropriate pretrial motions, successfully obtained suppression of his oral statement to one of the correction officers* and secured a favorable plea deal. The record does not substantiate defendant's allegations that his assigned counsel was unprepared, did not have defendant's "best interest at heart" or failed to procure relevant documents pertinent to his defense. As defendant failed to make the requisite showing of "good cause for a substitution" (*People v Sides*, 75 NY2d 822, 824 [1990] [internal quotation marks and citation omitted]), County Court did not abuse its discretion in denying the request. Moreover, we find that defen-

---

* According to testimony at a *Huntley* hearing, after setting off the metal detectors, defendant was escorted to a room to be strip searched. On route to this room, he was asked by the escorting correction officer "if he had anything on him" to which he responded that "he had a razor between his buttocks." County Court suppressed this statement because defendant was not provided *Miranda* warnings.

dant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Next, we are unpersuaded by defendant's assertion that County Court erred in allowing the People to cross-examine him about his oral statement to the correction officer (*see* n, *supra*). Defendant's testimony on direct examination denying that he possessed a weapon that day opened the door for such cross-examination (*see People v Wise*, 46 NY2d 321, 324 [1978]; *People v Callender*, 48 AD3d at 977; *People v Greene*, 306 AD2d 639, 641-642 [2003], *lv denied* 100 NY2d 594 [2003]). Defendant further claims that County Court erred in also permitting the People to cross-examine him about an additional oral admission to the correction sergeant because the People failed to provide CPL 710.30 notice of this particular statement. Inasmuch as defendant did not object to this questioning, County Court had no occasion to rule on its propriety, thus rendering the issue unpreserved for our review (*see* CPL 470.05 [2]; *see also People v McCullough*, 278 AD2d 915, 916 [2000], *lv denied* 96 NY2d 803 [2001]). Moreover, permitting this line of questioning during cross-examination was not in error despite the lack of CPL 710.30 notice (*see People v Goodson*, 57 NY2d 828, 829-830 [1982]; *People v Lopez*, 9 AD3d 692, 693 [2004]; *People v Spinks*, 205 AD2d 842, 844 [1994], *lv denied* 84 NY2d 833 [1994]; *People v Van Skiver*, 111 AD2d 1032, 1034-1035 [1985]; *see also People v Varela*, 22 AD3d 264, 265 [2005], *lv denied* 6 NY3d 781 [2006]; *People v Sanzotta*, 191 AD2d 1032 [1993]; *People v Connor*, 157 AD2d 739, 740 [1990], *lv denied* 76 NY2d 732 [1990]). Even assuming an error, it was nevertheless harmless in light of the overwhelming evidence of defendant's guilt.

Finally, given defendant's lengthy criminal history, we reject his contention that he should have received the minimum sentence of 2 to 4 years (*see People v Montgomery*, 8 AD3d at 883). We see no abuse of discretion or extraordinary circumstances warranting modification of any aspect of his sentence (*see People v Carralero*, 9 AD3d 790, 792 [2004], *lv denied* 4 NY3d 742 [2004]), including the monetary fine imposed.

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.