■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. BRYSON, Appellant. [54 NYS3d 726]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Keene, J.), rendered March 25, 2013, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

During defendant's processing at a correctional facility reception center, a Body Orifice Scanning System detected the presence of a metal object inside his body and a subsequent X ray revealed that the object was located in defendant's rectum and consisted of two X-acto or scalpel-type blades encased in a nonmetal material. Defendant was placed on one-on-one contraband watch for the next three days, but the object was never recovered. Defendant was subsequently charged by indictment with promoting prison contraband in the first degree. Prior to trial, the People conceded that inculpatory statements that defendant made to correction officials were obtained in violation of his *Miranda* rights and, therefore, would not be used in their case-in-chief. At the ensuing jury trial, defendant testified and, on cross-examination, denied making the inculpatory statements. As a result, the People introduced defendant's statements in rebuttal to impeach his credibility. The jury then found defendant guilty, and he now appeals.

While defendant readily concedes that X-acto or scalpel-type blades are dangerous prison contraband, he contends that, because the objects were never recovered, the People were unable to establish that he possessed any such contraband. Thus, defendant asserts that the jury verdict is not supported by legally sufficient evidence and is against the weight of the evidence. We disagree. At trial, the X ray was admitted into evidence and an experienced radiologist testified that it depicted an object, consisting of two metal blades, each with a sharp edge and a very sharp point, and each the same shape and size as an X-acto or scalpel-type blade. The radiologist stated that the blades appeared to be encased in a less dense material and they were located in defendant's lower pelvis, in the area of his rectum. Although defendant testified on his own behalf that he never possessed an X-acto blade and that he had been "set up," we find that the jury could easily conclude that defendant possessed the blades clearly depicted on the X ray and that such blades constitute "[d]angerous contraband" (Penal Law § 205.00 [4]; *see People v Johnson*, 24 AD3d 803, 804 [2005]; *People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]; *People v Rosario*, 262 AD2d 802, 803 [1999], *lv denied* 93 NY2d 1026 [1999]). In addition, after viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we are satisfied that the verdict was not

against the weight of the evidence (*see People v Breedlove*, 61 AD3d 1120, 1121 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Callender*, 48 AD3d 976, 977-978 [2008], *lv denied* 10 NY3d 860 [2008]).

Defendant also contends that County Court committed reversible error by failing to instruct the jury that his statements could only be considered for the limited purpose of assessing his credibility. While defendant concedes that this issue is unpreserved for our review, he asserts that County Court should have given the instruction sua sponte, and urges this Court to take corrective action in the interest of justice. In our view, however, even assuming that County Court should have provided the limiting instruction sua sponte, this error was harmless inasmuch as the proof of defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted defendant if the error had not occurred (*see People v Breedlove*, 61 AD3d at 1122; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Nor is there any evidence that County Court's error led to the jury's stated difficulty in adjudicating this case. Rather, the record reflects that the jury foreperson made a statement after the verdict was rendered to express the jury's disapproval of "sloppiness" and "procedural deficiencies" on the part of correctional facility staff. Contrary to defendant's contention, the statement reflected no equivocation regarding the verdict itself. We also reject defendant's claim that County Court denied him a favorable circumstantial evidence charge based upon the erroneous belief that his admissions could be considered as proof of guilt inasmuch as the record reflects defendant's affirmative statement that he was not requesting such a charge. In any event, the charge was not justified as there was direct evidence of defendant's possession of dangerous contraband (*see generally People v Hardy*, 26 NY3d 245, 249 [2015]). In sum, we find that reversal in the interest of justice is not warranted.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.