People v Colon-Velazquez (2019 NY Slip Op 03845)





People v Colon-velazquez


2019 NY Slip Op 03845


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109365

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
FRANKIE COLON-VELAZQUEZ, Appellant.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Michael P. Graven, Owego, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie Marmor of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered March 3, 2017, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.
Following a strip search of defendant, who was an inmate at a correctional facility, a correction officer discovered a pointed and sharpened weapon. In connection with this incident, defendant was charged by indictment with promoting prison contraband in the first degree. Following a jury trial, defendant was convicted as charged and sentenced to a term of imprisonment. Defendant appeals. We affirm.
As relevant here, promoting prison contraband in the first degree requires that the People prove that defendant, "[b]eing a person confined in a detention facility, . . . knowingly and unlawfully . . . possesse[d] any dangerous contraband" (Penal Law § 205.25 [2]). Defendant contends that the verdict was not supported by legally sufficient evidence or, in the alternative, was against the weight of the evidence. In particular, defendant claims that the evidence did not establish that he possessed the discovered weapon. We disagree.
At trial, a correction officer testified that the inmates were being screened through metal detectors as they proceeded to the gym for recreation. While defendant was passing through one of the metal detectors, the lights alerted the correction officer to the possibility of the presence of metal. An address book and an identification card were retrieved, and defendant was re-sent through the metal detector, which again alerted. The correction officer testified that a subsequent pat frisk and scan from a chair metal detector did not reveal any contraband. The correction officer then conducted a strip search of defendant. During the strip search, defendant handed the correction officer his boxer shorts. The correction officer stated that attached to the boxer shorts was a weapon, which he described as "plastic, about five inches long . . . [that] had a piece of cloth wrapped around the base of it, sharpened to a point."
Viewing the evidence in the light most favorable to the People, we find that there exists a valid line of reasoning and permissible inferences that could lead a rational juror to conclude that defendant possessed the discovered weapon (see People v Reynolds, 283 AD2d 771, 773 [2001], lv denied 96 NY2d 866 [2001]; People v Nunez, 186 AD2d 317, 318 [1992], lv denied 81 NY2d 765 [1992]). As to defendant's claim that the verdict was against the weight of the evidence, given that defendant testified that he did not have any items hidden in his boxer shorts, a contrary result would not have been unreasonable. Nevertheless, viewing the evidence in a neutral light, we are satisfied that the verdict was supported by the weight of the evidence (see People v Breedlove, 61 AD3d 1120, 1121 [2009], lv denied 12 NY3d 913 [2009]; People v Montgomery, 8 AD3d 881, 882 [2004], lv denied 3 NY3d 678 [2004]; People v Hodge, 290 AD2d 582, 584 [2002], lv denied 97 NY2d 755 [2002]; People v Livingston, 262 AD2d 786, 787-788 [1999], lv denied 94 NY2d 881 [2000]). Although defendant testified to a contrary version of events, the jury was entitled to reject such version (see People v Amato, 1 AD3d 713, 716 [2003], lv denied 1 NY3d 594 [2004]; People v Al-Shimari, 266 AD2d 586, 587 [1999], lv denied 94 NY2d 916 [2000]). Nor do we find merit in defendant's contention that a chain of custody for the admission of the weapon into evidence was not sufficiently established (see People v Hatzipavlou, 175 AD2d 969, 969 [1991], lv denied 79 NY2d 827 [1991]).[FN1]
Defendant also claims that County Court erred by not precluding the correction officer from testifying after the People committed a Rosario violation. According to defendant, a Rosario violation occurred because the audio recording that he received of the correction officer's testimony given at defendant's prison disciplinary hearing had gaps in it. Defendant had argued that these gaps prevented him from meaningfully cross-examining the correction officer, thereby requiring that the correction officer be precluded from testifying. Initially, we disagree with defendant's characterization that a Rosario violation occurred because "statements of witnesses made during [a] prison disciplinary proceeding [are] not within the People's control and [do] not constitute Rosario material" (People v Howard, 87 NY2d 940, 941, [1996]; see People v Livingston, 262 AD2d at 790). Even assuming that the audio recording constituted Rosario material, we conclude that County Court's decision to give an adverse inference instruction, as opposed to precluding the correction officer's testimony, was not an abuse of discretion (see People v Wheeler, 159 AD3d 1138, 1142 [2018], lv denied 31 NY3d 1123 [2018]). Defendant's remaining contentions, to the extent not specifically discussed herein, have been examined and are without merit.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We note that defendant did not object when the People sought to have the weapon admitted into evidence and, in any event, any gaps in the chain of custody pertain to the weight to be accorded to such evidence (see People v Torres, 146 AD3d 1086, 1088 [2017], lv denied 29 NY3d 1087 [2017]).