People v Casey (2023 NY Slip Op 01324)

People v Casey

2023 NY Slip Op 01324

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

112242 
[*1]The People of the State of New York, Respondent,
v
James Casey, Appellant.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Clifford P. Owens, Acting Public Defender, Kingston (Carly P. Burkhardt of counsel), for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams Jr., J.), rendered December 18, 2019, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.
Defendant, an incarcerated individual, was charged by indictment with promoting prison contraband in the first degree for possessing a razor blade while confined in a correctional facility. Following a jury trial, defendant was convicted as charged. County Court thereafter sentenced defendant to a prison term of 3½ to 7 years, to run consecutively to a sentence that he was then serving. This appeal ensued.
Defendant challenges the verdict as being against the weight of the evidence on the grounds that the proof did not establish that he possessed the razor blade at issue and that such blade was not dangerous. The trial evidence discloses that, while being processed at a correctional facility, defendant failed to clear the "BOSS chair."[FN1] As a consequence, defendant was placed on a contraband watch, which involved maintaining a constant visual of him, monitoring his activities at 15-minute intervals and searching his waste for contraband. After defendant defecated in a bedpan, a correction officer searched the bedpan and discovered "an exacto-type blade" wrapped within layers of cellophane, toilet paper, latex and electrical tape. The correction officer testified that incarcerated individuals were not allowed to possess the razor blade that was recovered and that such blade could cause physical harm to another person. Following the defecation by defendant, he cleared the BOSS chair.
For his part, defendant testified that he never triggered the BOSS chair when he was initially processed and denied possessing a razor blade. The jury could have believed defendant's testimony and, accordingly, a different result would not have been unreasonable (see People v Khalil, 206 AD3d 1300, 1305 [3d Dept 2022], lv denied 38 NY3d 1188 [2022]). Nevertheless, the jury was best situated to evaluate the credibility of the witnesses (see People v Bush, 184 AD3d 1003, 1006 [3d Dept 2020], lv denied 35 NY3d 1093 [2020]) and apparently did not credit defendant's testimony. Deferring to the jury's credibility determinations and viewing the evidence in a neutral light, the verdict is not against the weight of the evidence (see People v Breedlove, 61 AD3d 1120, 1121 [3d Dept 2009], lv denied 12 NY3d 913 [2009]; People v Callender, 48 AD3d 976, 977-978 [3d Dept 2008], lv denied 10 NY3d 860 [2008]).
Defendant asserts that County Court erred in directing that he be shackled and handcuffed during trial. After conducting a hearing on the issue, during which a correction officer and defendant testified, the court found that a reasonable basis existed to have defendant shackled and handcuffed. The court factored defendant's prior criminal history, which included assaulting a correction officer with a razor blade, defendant's multiple prison misbehavior reports[*2], which also included assaulting staff, and the request by the Department of Corrections and Community Supervision. Given that the hearing evidence supports the court's findings, the court did not err in its determination to have defendant handcuffed and shackled (see People v Diaz, 163 AD3d 110, 118 [3d Dept 2018], lv denied 32 NY3d 1110 [2018]; People v Robinson, 64 AD3d 803, 803-804 [3d Dept 2009]; People v Rivera, 189 AD2d 920, 921 [3d Dept 1993], lv denied 81 NY2d 975 [1993]; People v Gourdine, 188 AD2d 741, 741 [3d Dept 1992], lv denied 81 NY2d 886 [1993]). The court also minimized any prejudice by giving an instruction that an adverse inference was not to be drawn against defendant (see People v Diaz, 163 AD3d at 119; People v Brown, 176 AD2d 408, 408 [3d Dept 1991], lv denied 79 NY2d 853 [1992])[FN2] and by having drapes over the table where defendant was sitting so as to conceal any restraints (see People v Jenner, 39 AD3d 1083, 1087-1088 [3d Dept 2007], lv denied 9 NY3d 845 [2007]). Furthermore, even if the court erred in ordering defendant to be handcuffed and shackled, any error was harmless (see People v Banch, 198 AD3d 1186, 1190 [3d Dept 2021], lv denied 37 NY3d 1144 [2021]).
Regarding defendant's remaining contentions, defendant did not object to County Court's Sandoval compromise ruling and, therefore, the challenge thereto is unpreserved (see People v Jackson, 29 NY3d 18, 23 [2017]; People v Lafountain, 200 AD3d 1211, 1217 [3d Dept 2021], lv denied 38 NY3d 951 [2022]). Defendant's claim that the prosecutor committed misconduct by making improper remarks during summation is likewise unpreserved given that no objection was raised to the challenged remarks (see People v Morton, 198 AD3d 1176, 1180 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]). Finally, the sentence is not unduly harsh or severe (see People v Gourdine, 188 AD2d at 741; People v Lattanzio, 182 AD2d 872, 872 [3d Dept 1992], lv denied 80 NY2d 834 [1992]). To the extent that defendant claims that the court evidenced bias during the sentencing hearing, defendant did not preserve this claim in the absence of a timely objection (see People v Rennie-Russell, 201 AD3d 1246, 1247 [3d Dept 2022]). We decline defendant's request to take corrective action in the interest of justice on either the unpreserved issues or the imposed sentence.
Garry, P.J., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: A correction officer testified that the BOSS chair detects the presence of metal in the body of a person who sits on the chair.

Footnote 2: To the extent that defendant has qualms with the instruction that was given, such argument is unpreserved in the absence of an objection to the instruction (see CPL 470.05 [2]).