People v Hendrie (2025 NY Slip Op 05275)

People v Hendrie

2025 NY Slip Op 05275

Decided on October 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 2, 2025

113155
[*1]The People of the State of New York, Respondent,
v
Jessica Hendrie, Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Erin C. Morigerato, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Blythe Hicks, admitted pro hac vice, of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Clinton County (Keith Bruno, J.), rendered August 2, 2021, convicting defendant upon her plea of guilty of the crime of criminal nuisance in the first degree.
Defendant was indicted and charged with criminal nuisance in the first degree. The charge stemmed from a July 2020 incident wherein defendant allowed her apartment to be maintained as a gathering place for individuals engaged in the unlawful sale of controlled substances. In March 2021, defendant pleaded guilty to the sole count in the indictment with the understanding that, although County Court was making no sentencing commitment, she could be sentenced to a prison term of 1⅓ to 4 years. When the parties appeared for sentencing in June 2021, County Court sua sponte adjourned the matter for an additional two months. County Court denied defendant's subsequent request for a further adjournment and thereafter sentenced defendant to six months in jail followed by five years of probation. This appeal ensued.[FN1]
We affirm. Defendant's challenge to the voluntariness of her plea, as well her assertion that she was denied the effective assistance of counsel (to the extent that such claim impacts upon the voluntariness of her plea), are unpreserved for our review as defendant did not make an appropriate postallocution motion — despite having ample time to do so prior to sentencing (see People v Leroux, 234 AD3d 1214, 1214-1215 [3d Dept 2025]; People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024]). Further, upon reviewing the record, we are unpersuaded that the narrow exception to the preservation requirement was triggered (see People v Prime, 233 AD3d 1182, 1182-1183 [3d Dept 2024]; People v Mehalick, 226 AD3d 1263, 1264 [3d Dept 2024], lv denied 42 NY3d 928 [2024]). In any event, defendant's claims that County Court's recitation of her Boykin rights was deficient and that she was denied meaningful representation are belied by the record (see e.g. People v Bailey, 224 AD3d 1044, 1045 [3d Dept 2024]; People v Lafond, 189 AD3d 1824, 1826 [3d Dept 2020], lv denied 36 NY3d 1121 [2021]).
As to the sentence imposed, we do not find that the split sentence was unduly harsh or severe (see CPL 470.15 [6] [b]). To the extent that defendant contends that County Court's comments at sentencing and/or rejection of her request for a sentence of straight probation and community service evidenced bias, this argument is unpreserved for our review absent a timely objection (see People v Casey, 214 AD3d 1121, 1123 [3d Dept 2023], lv denied 40 NY3d 927 [2023]) and, in any event, is unpersuasive. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, J.P., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Following her release from jail, defendant was charged with violating the terms and conditions of her probation, and County Court revoked defendant's probation and imposed a term of imprisonment (People v Hendrie, ___ AD3d ___ [3d Dept 2025] [decided herewith]).