People v Thompson (2022 NY Slip Op 02565)

People v Thompson

2022 NY Slip Op 02565

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-02945
 (Ind. No. 28/18)

[*1]The People of the State of New York, respondent,
v
Joel Thompson, appellant.

Stephen N. Preziosi, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Steven A. Bender and Christine DiSalvo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered March 12, 2021, convicting him of murder in the second degree and attempted murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his trial attorney rendered ineffective assistance of counsel by deferring to the defendant's wishes in declining to seek a jury charge on the lesser-included offense of manslaughter in the first degree (see People v Colville, 20 NY3d 20, 32). Under the circumstances of this case, where counsel's exchange with the County Court regarding this issue was ambiguous as to her ultimate reasoning for declining to request the charge, the defendant's contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The County Court properly denied the defendant's request to charge criminally negligent homicide as a lesser-included offense of murder in the second degree. There was no reasonable view of the evidence that would support a finding that the defendant acted with criminal negligence (see Penal Law § 15.05[4]; People v Randolph, 81 NY2d 868, 869; People v Bruno, 127 AD3d 1101, 1102).
The defendant's contention that the evidence related to his conviction on one of the counts of attempted murder in the second degree was legally insufficient is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt on that count beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; [*2]People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 646).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court