People v Payne (2022 NY Slip Op 03254)

People v Payne

2022 NY Slip Op 03254

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-03800 
2021-01152
 (Ind. No. 147/18)

[*1]The People of the State of New York, respondent,
v
Trevor Payne, appellant.

Stoll, Glickman & Bellina, LLP, Brooklyn, NY (Andrew B. Stoll of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered March 28, 2019, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated December 11, 2020, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.
ORDERED that the judgment and the order are affirmed.
The defendant was convicted after a jury trial of course of sexual conduct in the first degree and endangering the welfare of a child. Following his conviction, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel based on, among other conduct, defense counsel's failure to request a charge on consciousness of guilt evidence. In an order dated December 11, 2020, the Supreme Court denied the defendant's motion without a hearing.
There is no merit to the defendant's contention that the Supreme Court erred in denying his motion pursuant to CPL 440.10 to vacate the judgment of conviction because he was deprived of the effective assistance of counsel in that defense counsel failed to request a consciousness of guilt evidence charge. Defense counsel's failure to request the charge did not deprive the defendant of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147). In addition, it did not deprive the defendant of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668; People v Robinson, 200 AD3d 908).
The defendant's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court