People v Lewis (2023 NY Slip Op 02132)

People v Lewis

2023 NY Slip Op 02132

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-06978
 (Ind. No. 394/19)

[*1]The People of the State of New York, respondent,
v
Okeith Lewis, appellant.

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered September 9, 2021, convicting him of promoting prison contraband in the first degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
"[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable" (People v Danielson, 9 NY3d 342, 348). "If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). "Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (id.). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (id.). "Moreover, in fulfilling [its] responsibility to conduct an independent review of the weight of the evidence pursuant to CPL 470.15(5), [the court] nevertheless accord[s] great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Cianciulli, 175 AD3d 506, 507). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v Bryson, 150 AD3d 1406, 1407-1408).
"To prevail on a claim of ineffective assistance of counsel under the federal constitution, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness' and 'that the deficient performance prejudiced the defense'" (People v Robinson, 200 AD3d 908, 911 [internal citation omitted], quoting Strickland v Washington, 466 US 668, 687-688). "In contrast, New York's constitutional requirement of effective assistance of counsel is met when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Robinson, 200 AD3d at 911 [internal quotation marks omitted]). "Under both the New York and federal standards, however, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (id. [internal quotation marks omitted]). Furthermore, "[a] defendant is not denied effective assistance of trial counsel merely because counsel [*2]does not make a[n] argument that has little or no chance of success" (id. at 912 [internal quotation marks omitted]).
Here, the defendant has not shown that defense counsel was ineffective. The defendant has not established that defense counsel lacked "strategic or other legitimate explanations" for failing to object to certain testimony of corrections officers or for eliciting testimony from one of the corrections officers regarding a statement made by the defendant (id. at 911 [internal quotation marks omitted]). Further, defense counsel was not ineffective for failing to object to the admission of an exhibit as a demonstrative aid. The Supreme Court acted within its discretion in admitting this exhibit as a demonstrative aid, and the court instructed the jury on its use (see People v Morency, 93 AD3d 736, 738; People v Brims, 19 AD3d 433, 433). Therefore, an objection would have had "little or no chance of success" (People v Robinson, 200 AD3d at 912 [internal quotation marks omitted]).
Contrary to the People's contention, the defendant was not required to preserve for appellate review his contention that the sentence imposed on the conviction of promoting prison contraband in the first degree was excessive. "A claim that a sentence is excessive is, by definition (see CPL 470.15[6][b]), addressed to this Court's interest of justice jurisdiction, and does not need to be preserved as a question of law" (People v Williams, 120 AD3d 721, 724). Nonetheless, the sentence imposed on that conviction was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court