People v Thompson (2026 NY Slip Op 00801)

People v Thompson

2026 NY Slip Op 00801

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-12670
 (Ind. No. 28/18)

[*1]The People of the State of New York, respondent,
vJoel Thompson, appellant.

Law Office of Stephen N. Preziosi P.C., New York, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Shea Scanlon Lomma and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Westchester County (George E. Fufidio, Jr., J.), dated November 6, 2024, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 12, 2021, convicting him of murder in the second degree and attempted murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is reversed, on the law, and the matter is remitted to the County Court, Westchester County, for a hearing in accordance herewith and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment.
The defendant was convicted, upon a jury verdict, of murder in the second degree (Penal Law § 125.25[1]) and two counts of attempted murder in the second degree (id. §§ 110.00, 125.25[1]). The evidence at trial demonstrated that the defendant drove his car into a group of three people, killing one of them. The defendant testified that he blacked out after sustaining a head injury, regained consciousness long enough to start his car and perform a U-turn in a parking lot, and blacked out a second time before striking one of the victims.
During the trial, the defendant's counsel informed the County Court that she intended to request that the jury be charged on manslaughter in the first degree as a lesser included offense of murder in the second degree. At the charge conference, the defendant's counsel did not request that the jury be charged on manslaughter in the first degree as a lesser included offense despite stating on the record that she had advised the defendant that the request should be made.
On the defendant's direct appeal from the judgment of conviction, he argued, inter alia, that trial counsel was ineffective by deferring to the defendant's wishes in declining to seek a jury charge on the lesser included offense of manslaughter in the first degree. In affirming the judgment, this Court declined to reach the defendant's ineffective assistance of counsel claim, finding that the claim relied in part upon matter dehors the record and that a motion pursuant to CPL 440.10 was the appropriate forum for reviewing the claim (see People v Thompson, 204 AD3d 942, 942). The Court of Appeals denied the defendant's application for leave to appeal (see People v Thompson, 38 NY3d 1136).
Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment on the ground that trial counsel was ineffective by deferring to the defendant's wishes in declining to request a jury charge of manslaughter in the first degree as a lesser included offense of murder in the second degree. In an order dated November 6, 2024, the County Court denied the motion without a hearing. The defendant appeals, by permission, from the order dated November 6, 2024.
"To establish ineffective assistance of counsel under the federal standard, a defendant is required to demonstrate that counsel['s] performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense" (People v Montgomery, 235 AD3d 1004, 1005; see Strickland v Washington, 466 US 668, 693; People v Nicholson, 26 NY3d 813, 830). "'The first prong of the Strickland test is essentially a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness'" (People v Banyai, 230 AD3d 701, 702, quoting People v McDonald, 1 NY3d 109, 113). "'The second prong, also known as the prejudice prong, focuses on whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Robinson, 200 AD3d 908, 911, quoting People v Pagan, 155 AD3d 779, 781).
"'In contrast, New York's constitutional requirement of effective assistance of counsel is met when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Lewis, 215 AD3d 982, 983, quoting People v Robinson, 200 AD3d at 911). "'[A] single error may [constitute] ineffective assistance [if] the error is sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial'" (People v Gomez, 223 AD3d 843, 844, quoting People v Caban, 5 NY3d 143, 152).
Here, the County Court should not have denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment without conducting a hearing, as an affirmation of the defendant's trial counsel that was submitted in support of the motion tended to substantiate the defendant's ineffective assistance claim (see CPL 440.30[4][b]). While "a defendant unquestionably has the right to chart his [or her] own defense" (People v DeGina, 72 NY2d 768, 776), "[m]atters of strategy and tactics, such as whether to request the submission of lesser-included offenses for the jury's consideration, . . . generally fall within the purview of counsel" (People v Clark, 129 AD3d 1, 11 [citations omitted], affd 28 NY3d 556; see People v Colville, 20 NY3d 20, 32). Under the circumstances of this case, trial counsel's representations that she advised the defendant that a jury charge of manslaughter in the first degree as a lesser included offense should be requested, informed the court that she would defer to the defendant's decision, and did not request that charge tended to substantiate the defendant's claim that trial counsel deprived the defendant of the expert judgment of counsel to which he was constitutionally entitled (see People v Colville, 20 NY3d at 32; People v Minckler, 149 AD3d 1526, 1527).
However, the essential facts of the defendant's ineffective assistance claim are neither "conceded by the [P]eople to be true" nor "conclusively substantiated by unquestionable documentary proof" (CPL 440.30[3][c]), as trial counsel's statements to the County Court, as amplified by the qualified language of her affirmation, are still "ambiguous as to her ultimate reasoning for declining to request the charge" (People v Thompson, 204 AD3d at 942).
Accordingly, the matter must be remitted to the County Court, Westchester County, for a hearing and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment (see id. § 440.30[5]).
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court